WENCESLAO COLÓN ARVELO, Appellant and Appellee, *v.* SOL LUIS DESCARTES, ETC., Appellee and Appellant.

No. 11864.  Argued March 21, 1957.—Decided March 28, 1957.

*José Trías Monge,* Attorney General, and *Alvaro R. Calderón, Jr.* and *Juan Pedrosa,* Assistant Attorneys General, for appellant.  *José Luis Cancio* for appellee.  *Rafael Pastor* for intervener, assignee of the rights and actions of the conditional vendor of the forfeited vehicle.

PER CURIAM.

The findings of fact and the conclusions of law which serve as a basis for the judgment rendered in this

case by the Superior Court, Aguadilla Part, on September 2, 1955, having been examined, this Court believes that the judgment of the lower court should be reversed. It seems obvious that the judgment rendered in criminal cause No. M–54–263 acquitting Wenceslao Colón Arvelo of a violation of the Spirits and Alcoholic Beverages Act is not res judicata or a bar to the civil action to recover the vehicle confiscated under the provisions of § 62 of the Act. 13 L.P.R.A. § 1717. A forfeiture proceeding is one *in rem* which by its nature is civil, it being independent of and separate from the aforementioned criminal cause. *Cf. Martínez* v. *Buscaglia, Treas.*, 69 P.R.R. 406 (1949); *General Motors Acceptance* v. *District Court*, 70 P.R.R. 898 (1950); *Metro Taxicabs* v. *Treasurer of Puerto Rico*, 73 P.R.R. 164 (1952).

■ Since the record of the criminal case herein was offered and admitted in evidence without the objection of counsel for the Secretary of the Treasury, the judge shall render the proper judgment on the merits as to the validity of the forfeiture, after giving such evidence the probative value which in his opinion it deserves.

Consequently, the judgment will be reversed and the case remanded to the lower court.